IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 147

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CARL JACK HALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** came before the undersigned pursuant to a Motion to Suppress and to Dismiss the Indictment and Request for an Evidentiary Hearing (#12) filed on April 15, 2017, by Defendant. In the motion, Defendant moves to suppress evidence he contends was obtained in violation of his rights under the Fourth Amendment. In addition, defendants moves to dismiss the indictment based upon what he alleges was outrageous conduct by the government. After reviewing the motion, the undersigned makes the following findings:

**Findings.** A bill of indictment (#1) was issued by the grand jury and filed on December 6, 2016, charging Defendant in count one with knowingly receiving and attempting to receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and in count two with knowingly possessing and accessing with intent to view

1

images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant was arrested on December 9, 2016, and the undersigned conducted an initial appearance hearing for Defendant on that same date. On December 12, 2016, the undersigned held an arraignment hearing for Defendant and entered a Standard Arraignment Order, which established a scheduling order for the filing of motions in the case. In paragraph 7, the undersigned directed as follows:

> 7. **All Other Pretrial Motions:** those specified by Rule 12(b)(1), 2), (3), and (4), Fed. R. Crim. P., must be filed no later than <u>30 days</u> from the date this order is filed and accompanied by a supporting memorandum of law.

Rule 12(3) of the Federal Rules of Criminal Procedure provides as follows:

**(3) Motions That Must Be Made Before Trial.** The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
    **(A)** a defect in instituting the prosecution, including:
        **(i)** improper venue;
        **(ii)** preindictment delay;
        **(iii)** a violation of the constitutional right to a speedy trial;
        **(iv)** selective or vindictive prosecution; and
        **(v)** an error in the grand-jury proceeding or preliminary hearing;
    **(B)** a defect in the indictment or information, including:
        **(i)** joining two or more offenses in the same count (duplicity);
        **(ii)** charging the same offense in more than one count (multiplicity);
        **(iii)** lack of specificity;

    **(iv)** improper joinder; and
    **(v)** failure to state an offense;
 **(C)** suppression of evidence;
 **(D)** severance of charges or defendants under Rule 14; and
 **(E)** discovery under Rule 16.

Rule 12(b)(3)(C) provides that one of the motions that must be made before trial is a motion for suppression of evidence. Pursuant to the Standing Arraignment Order, this motion must be filed no later than 30 days from the date that the Standing Arraignment Order is filed. Thirty days from December 12, 2016, was January 16, 2017. Thus the Motion to Suppress was required to be filed on or before January 16, 2017. By filing the Motion to Suppress on April 15, 2017, the Motion to Suppress was eighty-eight days late and was filed only sixteen days (16) days prior to the date at which Defendant's matter is set for trial.

Rule 12(c)(3) provides that if a party does not meet the deadlines for filing a motion pursuant to Rule 12, the motion is untimely. The Court, however, may consider the motion if the party can show good cause for the failure to timely file the motion.

The undersigned as consulted with the District Court concerning the motion and after such consultation, has determined to enter an Order denying the Motion to Suppress and to Dismiss the Indictment without prejudice and to allow Defendant to show good cause, if any, as to why the Court should allow Defendant an extension

of the deadline established by the Standing Arraignment Order for the filing of a Motion to Suppress, pursuant to Rule 12(b)(3)(C).

## ORDERED

**IT IS, THEREFORE ORDERED** that the Motion to Suppress and to Dismiss the Indictment and Request for an Evidentiary Hearing (#12) is **DENIED** without prejudice. Should Defendant determine to again present the Motion to Suppress, Defendant is hereby required to show good cause, if any exists, as to why an extension of time is necessary for the filing of the Motion to Suppress outside of the time established by the Standing Arraignment Order.

Signed: April 20, 2017

_____
Dennis L. Howell
United States Magistrate Judge